STATE, Respondent, v. WOOD, et al, Appellants.

(276 N. W. 149)

(File No. 8098. Opinion filed November 24, 1937)

■

*Everett A. Bogue,* of Parker, for Appellant.

*Clair Roddewig,* Atty Gen., *Ralph S. Rice,* Asst. Atty. Gen., and *John E. Walsh,* State's Atty., of Yankton, for the State.

PER CURIAM.   The defendants Thomas Wood and Jonas C. Wood, sometimes called J. C. Wood, were convicted of stealing chickens and sentenced to a term in the penitentiary.   Defendant J. C. Wood separately appeals to this court; his appeal being based on the alleged insufficiency of the evidence to sustain the verdict of guilty as to him.

The chickens were stolen from a farm adjacent to highway No. 50 about eight miles east of Yankton.   They were missed by their owner about noon on the 4th day of April, 1936.   The sheriff of the county was at once notified of the theft, and a search for the chickens was immediately made.   The sheriff, the owner of the chickens, and his wife, went to Sioux City, where they found the chickens at a poultry house.   Said chickens had arrived at this poultry house in a trailer drawn by an automobile at about 9 o'clock in the morning of April 4th.   There were two men in the car, one of whom was defendant Thomas Wood.   The other man was sitting in the driver's seat, and did not leave the car.   Thomas Wood assumed ownership of the chickens and sold them to the poultry company.   In payment therefor he received some cash and a check for $57.30.   He gave his name as A. C. Leach, and the check was made payable to A. C. Leach.   The man in the driver's seat kept his face concealed in such a manner that no one in the poultry house saw his face nor could they identify him; but it is the contention of the State that it was appellant who drove the car that hauled the chickens to the poultry house and remained in the driver's seat while Thomas Wood, as A. C. Leach, sold the chickens.   This contention is based on the following facts, which we think are fully established by the evidence:

The car that hauled the chickens was owned by the appellant. He was in Sioux City during the day the chickens were sold.   Almost immediately after the check was given to Thomas Wood, un-

der the name of A. C. Leach, it was presented for payment to a Sioux City bank by appellant. When so presented the check bore the indorsement "A. C. Leach" and also of "J. C. Wood." Appellant identified himself by a hunting license he had with him which bore his signature "J. C. Wood." One of the bank officials testified that in his opinion the signature A. C. Leach on the back of the check and the signature J. C. Wood on the hunting license were both in the same handwriting. Another of the bank officials testified: "In my opinion the signature Jonas C. Wood on Exhibit I, and the endorsement A. C. Leach, and the endorsement J. C. Wood on the back of Exhibit C, and the endorsement A. C. Leach on the back of Exhibit B, are in the same handwriting, and made by the same person." Appellant explained his presence in Sioux City on the day the chickens were sold by saying that he went there for the purpose of buying candy for his candy store in Tyndall, but he did not explain how it happened that the chickens were hauled to Sioux City by his car. He explained his possession of the check by saying that he had cashed the check for a stranger in a small restaurant in Sioux City.

It is the theory of the State that it was the appellant who drove the car and remained in the driver's seat with his face concealed by his hands while his brother sold the chickens. While the evidence of appellant's identification is largely circumstantial, we are of the opinion that it is sufficient to support the verdict of the jury.

The judgment and order appealed from are affirmed.

All the Judges concur.